IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHRISTINA CRUMP, )
)
      Plaintiff, )
)
v. ) 1:19CV466
)
KILOLO KIJAKAZI, Acting )
Commissioner of Social Security,[1] )
)
      Defendant. )

**ORDER**

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and, on October 16, 2020, was served on the parties in this action. Plaintiff filed Objections to the Magistrate Judge's Recommendation within the time limits prescribed by 28 U.S.C. § 636. [Doc. #17.] Defendant responded to Plaintiff's Objections. [Doc. #18.]

The Court has appropriately reviewed the portions of the Magistrate Judge's Recommendation to which objection is made and has made a de novo determination in accord with the Magistrate Judge's report.[2] The Court therefore

---

[1] President Joseph R. Biden, Jr., appointed Kilolo Kijakazi as the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew M. Saul as the Defendant in this suit. Neither the Court nor the parties need take any further action to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] In her Objections, Plaintiff maintains that the ALJ provided insufficient analysis of Listing 14.04A [Doc. #17 at 1-2, 5] and that Plaintiff may rely exclusively on subjective evidence to demonstrate the presence of two constitutional symptoms that Listing 14.04A requires [Doc. #17 at 2-4 (asserting adequate showing of malaise and fatigue)]. As to

adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that the Commissioner's decision finding no disability is affirmed, that Plaintiff's Motion for Summary Judgment Reversing or Remanding for Rehearing the Commissioner's Final Administrative Decision [Doc. #11] is denied, that Defendant's Motion for Judgment on the Pleadings [Doc. #13] is granted, and that this action is dismissed with prejudice. A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 31st day of August, 2021.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge

---

Plaintiff's first point, "[an] ALJ need only review medical evidence once," and thorough review at Step Four suffices to show a claimant's failure to satisfy listing criteria at Step Three. McCartney v. Apfel, 28 F. App'x 277, 279 (4th Cir. 2002); see also Wilson v. Colvin, No. 5:13-cv-01621-JMC-KDW, 2014 U.S. Dist. LEXIS 104692, at *29 n.7 (D.S.C. July 9, 2014) (collecting cases). As to Plaintiff's second point, she has invoked cases that explain the "two-part analysis" applicable when "evaluating claims of disabling pain," Morgan v. Barnhart, 142 F. App'x 716, 723 (4th Cir. 2005). [Doc. #17 at 3 (quoting Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006).] Although subjective evidence of pain may support a finding of disability under certain circumstances, such evidence fails to "substitute . . . for a missing or deficient sign or laboratory finding to raise the severity of [an] impairment(s) to that of a listed impairment." 20 C.F.R. § 404.1529(d)(3); see also Venable v. Berryhill, No. 3:18cv458, 2019 WL 2397253, (E.D. Va. June 6, 2019) (reviewing objective medical record and upholding ALJ's conclusion that claimant experienced no malaise); Backman v. Colvin, No.: 4:12-cv-1897, 2014 U.S. Dist. LEXIS 24948, at *18 (D.S.C. Feb. 27, 2014) ("Plaintiff's self reported statements are insufficient to meet or equal listing criteria."). Accordingly, the Objections fail to justify remand.

2